UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEIGH KEYES,

        Petitioner,

v.                                        Case No. 1:09-CV-947

LLOYD RAPELJE,                        HON. GORDON J. QUIST

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Leigh Keyes, has filed an Objection to the Report and Recommendation (R & R) issued January 31, 2013, in which Magistrate Judge Hugh W. Brenneman, Jr. recommended that Petitioner's habeas petition be denied. Petitioner raised the following claims in his petition:

    I.    Petitioner's guilty plea for assault with intent to murder should be withdrawn because his plea lacked a factual basis.

    II.    Petitioner's guilty plea for assault with intent to murder should be set withdrawn due to ineffective assistance of counsel.

    III.    Petitioner is entitled to re-sentencing because the state trial court erred in scoring points for offense variable 7.

The magistrate judge concluded that all three grounds lack merit.

The magistrate judge concluded that neither ground I nor ground III provide a cognizable basis for federal habeas review because the Constitution does not require state courts to establish a factual basis for guilty pleas, and state-law sentencing errors fail to raise a federal constitutional issue. (R & R at 6, 15–16.) With regard to ground II, Petitioner's ineffective assistance of counsel claim, the magistrate judge concluded that the transcript of Petitioner's plea established that

petitioner's guilty plea was voluntary and intelligent. (R & R at 10.) The magistrate judge applied the two-prong test for ineffective assistance claims set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), which requires that a defendant show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id.* at 687, 694 S. Ct. at 2064. The magistrate judge further noted that because this case involves a plea, Petitioner must demonstrate "'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" (R & R at 13 (quoting *Premo v. Moore* __ U.S. __, 131 S. Ct. 743 (2011) (internal quotation marks omitted)). The magistrate judge agreed with the state court that Petitioner's counsel was not deficient and that the factual basis for Petitioner's ineffective assistance claim was contrary to Petitioner's testimony at his plea hearing. (R & R at 14.) Finally, the magistrate judge found that Petitioner's conclusory assertion that he would not have pled guilty but for his counsel's alleged errors was insufficient to establish prejudice. (*Id.*)

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Petitioner's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and the petition denied.

The Court understands Petitioner's Objection to address only his ineffective assistance of counsel claim. To the extent that Petitioner's Objection also addresses Petitioner's claim that his plea lacked a factual basis, the Court overrules such objection because Petitioner cites no authority undermining the magistrate judge's conclusion that the Constitution does not require state courts to establish a factual basis for a guilty plea.

Regarding ineffective assistance, Petitioner again argues that his counsel was ineffective because she told Petitioner that he had valid appeal issues, would get 81–135 months for his cooperation, and would receive good time credits. But as the state court observed during the hearing on Petitioner's motion to withdraw his plea, Petitioner's counsel was not "off the mark" in advising Petitioner that he had no defense, and his counsel likely saved him from a longer sentence had Petitioner elected to go to trial. Moreover, Petitioner has not shown that his counsel "coerced" Petitioner to state that he knew Mr. Davis was stabbing the victim in the next room to entice the state court to accept Petitioner's guilty plea. In short, this Court concurs with the magistrate judge that Petitioner's counsel was not deficient. Similarly, the Court agrees with the magistrate judge that—given Petitioner's lack of a defense and the substantially longer sentence he faced had he elected to go to trial— Petitioner has failed to show a reasonable probability that he would not have pleaded guilty. Thus, the state court's decision was neither contrary to, nor an unreasonable application of, clearly established law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1).

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 31, 2013 (docket no. 30) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objection (docket no. 31) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.


Dated:  March 29, 2013                              /s/ Gordon J. Quist
                                                                         GORDON J. QUIST
                                                                  UNITED STATES DISTRICT JUDGE

4